George Andrews, J.,
delivered the opinion of the Court.
Mrs. Storm, the defendant, was the equitable owner of a farm in Roane County. With the purpose of cultivating and improving the premises, she leased them to one Brinkman, and also constituted him her agent, to make certain improvements upon the estate, the nature and character of which improvements do not appear in proof. For the purpose of enabling Brink-man to carry on the farm, and make the necessary improvements, Mrs. Storm gave him a letter of credit, authorizing him to draw on one DeArmond, to the amount of three hundred dollars. DeArmond being unable, or unwilling to furnish the money, Brinkman applied to W. S. McEwen, who agreed, upon the personal guaranty of Brinkman, to furnish the required credit, and did accordingly supply Brinkman with cash and various articles for the use of the farm, to the amount of over three hundred dollars. Two hundred and fifty dollars of this amount, and perhaps the whole, was afterwards repaid to McEwen by Mrs. Storm.
But Brinkman, after this time, requiring further supplies, and McEwen being unwilling, in consequence of delay in the former payment, to make further advances, Brinkman presented the letter of credit to complainant, Williams, who, upon the credit of Mrs. Storm, gave to Brinkman a letter of credit to McEwen, for the further amount of three hundred dollars. It does not appear whether Williams was aware of the previous ad- *205 vanees made by McEwen. Upon tbe credit of 'Williams, tbus obtained, Brinkman procured from McEwen, cash and other articles, to the amount of about three hundred and eighty dollars, which were employed, as Brinkman testifies, in improvements and . expenses on Mrs. Storm’s land, but in what manner does not appear. This amount has been repaid to McEwen by complainant.
Mrs. Storm resided in Europe, and there is no evidence that she had any knowledge of the transaction with Williams, till the filing of complainant’s bill. The bill in this cause, is filed by Williams, to compel payment by Mrs. Storm, of the amount thus advanced by him. Upon the hearing, on pleadings and proof, the Chancellor dismissed the bill, and the complainant appealed to this Court.
The letter of credit given by Mrs. Storm to Brink-man, and addressed to DeArmond, constituted no authority to Brinkman to procure this loan by credit from Williams, and there is no proof whatever, that Brink-man had any authority, as Mrs. Storm’s agent, to bind, her in the transaction. But it is claimed for complainant, that Mrs. Storm, by her conduct, held Brink-man out to the world as her agent, and thus rendered herself liable for any contracts he might make in her name, and that, as the supplies procured through complainant’s credit were applied to her use and benefit, she is legally bound to pay for them. There is nothing to show that, in the present case, Mrs. Storm held. Brinkman out to the world as her agent, duly authorized to borrow money, or to purchase .property on credit *206 in her name. There is nothing in the agency proven to have existed, which requires the existence of such authority; and the simple fact, that she paid the debt first incurred by Brinkman to McEwen, cannot be considered as a binding admission on her part, of his authority to make similar contracts in her name in the future.
There is no proof that Williams knew of the former transaction with McEwen. So far as appears, he proceeded solely upon the letter of credit to De Armond, which was exhibited to him, and upon his belief in the good faith of Brinkman, and the responsibility of Mrs. Storm.
The authority of Brinkman extended only to the borrowing of the sum of' three hundred dollars, and that only upon his letter of credit to DeArmond. And even if that authority were held to extend to the borrowing of that particular sum of McEwen, instead of DeArmond, it was then exhausted, and could not be extended into a general authority to borrow as many sums and of as many different persons as he might subsequently think fit to require. The complainant had notice of Brinkman’s want of authority; and though his case is a hard one, he must be held to have loaned to him his credit at his peril.
The general rule is unquestioned, that, if an agent exceeds his authority in purchasing property, or otherwise making engagements in the name of his principal, and the principal knowingly receives and retains the property, or accepts the benefit of the engagement made, he thereby ratifies the contract made by his *207 agent. But this rule only applies in eases where the principal has knowledge of the transaction, and an opportunity to repudiate the acts of the assumed agent.
If an agent has, by acts and contracts, beyond the scope of his authority, and without the knowledge of his principal, purchased property or borrowed money in the name of his principal, and expended the same in the care, preservation, or improvement of his principal’s estate; and at the time when the transaction come to the knowledge of the principal, the property has been consumed, or expenditures made in such manner that the property cannot' be restored, or the contract repudiated, the principal is not bound. Where the principal has the option to repudiate the contract, or to ratify it, he is bound promptly to do either the one or the other. But a party cannot so deal with an unauthorized person assuming to act as agent, as to leave the principal no option, and to compel him by force of the mere fact that the transaction has been for his benefit, to ratify the contract: 1 Am. Lead. Cases, 574.
It does not appear in this case, how the money obtained by Brinkman, upon the complainant’s credit, was expended; what improvements were made; what expenses of the farm were defrayed or what property purchased by its means or whether any of such property or improvements remain for the benefit of the defendant, or that the improvements and purchases were such as Brinkman was authorized by her to make; and while the hardship to the complainant is obvious, it cannot be permitted that unauthorized persons shall *208 make improvements in tlieir own discretion, upon the estates of others, without the knowledge of the owner, and when too late to repudiate the unauthorized action, call upon the owners to ratify it by payment of the expenses incurred. It may or may not be, that the benefit accruing to the defendant in this case, may impose upon her a moral obligation to pay for these purchases, expenses and improvements; but to hold that the obligation is a legal one, would place it in the power of unauthorized persons, to improve the holders of property out of their estates.
The decree will be affirmed.